JACKSON, ex dem. Atwood, *vs.* DALEY and two others.

*Parol* evidence is not admissible to shew an appropriation of lands to the use of the public in the construction of the canals, where such lands do not in fact form a part of the canals, but are only connected with them by means of a cut or ditch.

THIS was an action of ejectment, tried at the Washington circuit in November, 1828, before the Hon. ESEK COWEN, one of the circuit judges.

The defendants occupied a basin, connected with the Champlain canal by a ditch through which saw-logs were passed from the canal, situate on a farm formerly belonging to one Simmons, and a portion of an inclined plane extending from a saw-mill of the defendants to the basin covered a part of the same farm. Simmons had mortgaged the farm in 1817, and in 1820 yielded the possession of it to the holder of the mortgage, who in 1822 foreclosed it, and in March, 1826, leased the farm to the lessor of the plaintiff for the term of five years. The defendants produced a deed to them from the lessor of the plaintiff, bearing date in August, 1824, conveying certain premises described as a "certain piece of land and mill-seat and privileges, with the saw-mill and appurtenances, situate in the town," &c. apparently lying north of the farm mortgaged by Simmons; and proved that the inclined plane was erected previous to August, 1824. They also offered to prove that the Champlain canal was constructed after the date of Simmons' mortgage and previous to its foreclosure; that the canal commission-

ers caused the basin to be surveyed and the damages to be assessed, which were paid to Simmons before he parted with the possession of the farm ; and that the basin was considered a part or portion of the canal. This evidence was objected to by the plaintiff's counsel, who insisted that the entries of the canal commissioners of lands appropriated for the canal was the only proper evidence, and so ruled the judge. The defendants also offered to prove, that previous to the foreclosure of the mortgage, Simmons received payment to his full satisfaction for the land covered with water on the farm in question in consequence of the canal going through his farm. This evidence was also objected to and overruled. The defendants gave in evidence an award under a submission to arbitration of all matters and differences existing between the lessor and Daley, one of the defendants, made in February, 1826 ; in which submission no authority was expressly given to the arbitrators to award concerning lands or any interest therein. The defendants further proved that after the execution of the mortgage, Simmons gave Daley permission by parol to erect the inclined plane. The jury, under the charge of the judge, found a verdict for the plaintiff, which was now moved to be set aside.

*C. L. Allen,* for defendants.

*S. Stevens,* for plaintiff.

*By the Court,* MARCY, J. A new trial is asked for on several grounds, but it appears to me that our attention should be principally if not wholly directed to the law involved in the questions decided by the judge on the trial.

The first decision was, that the *parol* evidence offered by the defendants to shew that the basin was public property was inadmissible. The third section of the act respecting the navigable communications between the great western and northern lakes and the Atlantic ocean, passed the 16th April, 1817, authorized the canal commissioners to enter upon and use such lands, &c. as were required for the canals and the works connected therewith. Appraisers were to be appointed to estimate the damage to the owners over

and above the advantage of the canals to them, and it was their duty to make entries of their determinations and appraisals, with an apt and sufficient description of the premises taken for the purpose of the canals, in books to be kept by the canal commissioners, and certify and sign those entries. The object of requiring this record (for such I consider it) was that the owners and the public might know what lands had become public property by an appropriation to the uses of the canal. Recourse must therefore be had to it, to ascertain what lands have in fact been taken. It is urged on the part of the defendants that the statute is directory, and if the appraisers neglect their duty in respect to making the requisite entry, yet the title to the land appropriated vests in the state on the damages being paid to the owner. We are not in this case to say what is the effect of such neglect of duty, because no neglect of duty was proved. It was not attempted to be shewn that no record of the appropriation had been made; nothing was shewn on the trial from which it could be inferred that a record of the lands taken for the canal at this particular spot had not been made; the judge therefore properly excluded the parol evidence offered for the purpose of shewing that the premises or a part of them had been appropriated to the public.

The second exception was to the decision of the judge excluding the evidence by which the defendants offered to shew that Simmons, the former owner of the premises, had been paid for all the land covered by water on his farm, in consequence of the canal going through it. The basin cannot be considered as a part of the canal, for it is separated from it by a public highway. The land under water, if actually taken for the public works, either has become the property of the people, (and the defendants should have proved that fact by the books of the commissioners,) or it is to be considered land not appropriated to the public works, but injured in consequence of the erection thereof. If the latter be the case, the defendants cannot defend their appropriation of the basin to themselves by shewing that Simmons was allowed for the damage done by overflowing his land and making this basin. Notwithstanding the overflow-

ing the land, it is still his property, or rather his assignees', and they can have their action for an entry on it. The judge was therefore correct in the decision to which the second exception was taken.

As to the evidence of possession by the defendants: it certainly warrants the positive charge of the judge as to that fact. Daley, whose possession is admitted to be in common with the other defendants, declared when the declaration was served on him, that he was in possession of the basin and intended to keep it. At the same time the defendants had there a large quantity of logs. This evidence puts all doubt as to the possession of the defendants at rest.

It is said that the lessor's deed to the defendants in 1824 conveyed the premises in question, and he cannot, therefore, in this action question their right to hold them. The case does not enable us to say that this position is founded in fact. Besides the estoppel depends upon the nature of the lessor's deed which is not shewn. The title, it is to be observed, which is attempted to be enforced in this suit was acquired by the lessor in 1826, and it may very well be that he is not estopped from asserting it by his conveyance to the defendants in 1824, even if the disputed premises were included in that conveyance.

I cannot discover from the case that a question of adverse possession, so as to render void the lease of 1826 to the lessor, was raised on the trial; nor do the facts enable the defendants to raise such a question, if they were permitted to do so now, with any hopes of success.

<div align="center">

Motion for new trial denied.